## McAVOY v. CAMDEN SHIPBUILDING CO.

## THE PACIFIC.

(District Court, E. D. Pennsylvania. July 13, 1920.)

No. 14.

1. **Wharves ⬤⟝20(2)—No duty to warn uninvited vessels of danger.**

There is no obligation of duty on the part of the owner of a private wharf to give notice of an existing danger to vessels which may make use of the wharf, although not invited by the owner to do so; but the duty is on the uninvited user to make inquiry.

2. **Wharves ⬤⟝20(2)—Owner not liable for injury to tug using wharf without invitation.**

Owner of a private wharf in a slip used as an entrance to its marine railway *held* not liable for injury to a tug, which entered the slip and went to the wharf on its own business without invitation, but as permitted, and fouled its propeller on a wire cable that had been used by the owner and left in part under water.

In Admiralty. Suit by P. W. McAvoy, managing owner of the tug Pacific, against the Camden Shipbuilding Company. Decree for respondent.

Willard M. Harris, of Philadelphia, Pa., for libelant.

Howard M. Long, of Philadelphia, Pa., for respondent.

DICKINSON, District Judge. The principle of law which controls the determination of this cause does not readily lend itself to concise statement. One who is injured in person or property by the negligent act, either of commission or omission, of another, has a clear cause of action. The obligation of duty, on the part of one who invites another to come upon his premises, to give notice of the presence of danger known to him, but of which the other is ignorant, is equally clear. Such obligation exists, whether the danger is of negligent origin or not. The liability to respond in damages is not based upon responsibility for the existence of the danger, but upon the neglect of the duty to make the danger known.

The damage in the instant case was suffered, not by one who was invited to use respondent's wharf, but by one who used it uninvited, in pursuance of a permissive use. The libelant was not a trespasser. On the other hand, the use made of respondent's property was the wholly voluntary act of the libelant. The broad facts out of which the questions raised arise are that the respondent owned a slip with a wharf landing. The slip was maintained as an entrance to a marine railway. Vessels were permitted to enter the slip and tie up at the wharf. A wire cable had been in use to handle a ferryboat in getting her clear of the railway. The ferryboat had been taken to the side of the slip, and the cable had been left still attached to the ferryboat and extending to the landing, when the end of it was there coiled. The part of the cable between the landing and the ferryboat was under water. The libelant tug entered the slip and proceeded to the landing. In the attempt to leave the landing, her propeller became entangled in

the cable, causing the damage of which complaint is made. The tug entered the slip and went to the wharf for her own purposes. Such use of the slip had been made for the time previous without objection from the respondent. The cable, as it was left, was an obstruction to navigation to a vessel making use of the landing, but not otherwise of the slip.

[1] The question, broadly stated, is whether there is an obligation of duty on the part of the owner of a private wharf to give notice of an existing danger to vessels which may make use of the wharf, although not invited by the owner to do so. The principle is one of some importance. The case may arise of the owner of a private wharf, having no further use for it, permitting it to be used by others by not objecting to such use, and permitting it also to become so out of repair that damage may result from such use. What obligations does such owner assume toward those who may for their own purposes use his wharf? Are the obligations such that in practical effect he must remove the wharf, when he has no further use for it, keep it in repair, although he has no use for it, or give notice to every uninvited user that its use is dangerous? Must the owner, in a very practical sense, protect the user, or must the user protect himself?

Without prolonging the discussion, we see at least no greater obligation on the part of the owner to warn the unexpected user than on the part of such user to inquire whether it is safe to use before using. The obligation of the latter is more easily met. He knows he is about to use, and may inquire; the owner does not know. The distinction which ordinarily exists between an obstruction existing without negligence and one which is the creature of negligence has no practical value in its application to the owners of private wharves, because the distinction is practically eliminated, in that there is no negligence in the owner obstructing his own premises, unless he owes the duty of protection to others to the extent that he is bound to anticipate that they may encounter the danger by making uninvited use of his premises.

[2] There is the usual conflict of testimony with which we are met in physical damage cases. The following facts clearly appear: The respondent had been using and had left the cable as already stated. Vessels were lying across the entrance to the adjoining slip. Employés of respondent were there at work. The libelant tug entered the railway slip and proceeded to the landing on the south side. She came there uninvited, and for her own purposes, but such use of the slip was permitted. The tug made no inquiry respecting obstructions. The only disputed fact is whether warning of the obstruction was given. In view of the admissions of the answer, this fact is found against respondent. This does not carry the implication of a discredit of the testimony of witnesses for respondent. What the witnesses meant is that they spoke of the existence of the obstructions. It does not mean that the tug received warning. The place from which to have given this was the landing.

A decree dismissing the libel, with costs, may be submitted in accordance with the findings made and filed herewith.